■ ANDREW BOLAND et al., Respondents, v JOHN BIORDI et al., Defendants, and ROGER BAIM et al., Appellants. [674 NYS2d 725] —In an action to recover damages for medical malpractice, etc., the defendants Roger Baim and Nassau Radiologic Group, P. C., appeal from an order of the Supreme Court, Nassau County (Schmidt, J.), dated September 30, 1996, which granted the plaintiffs' motion, *inter alia,* to be deemed in compliance with a prior order of the same court dated December 28, 1995.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the complaint is dismissed insofar as asserted against the defendants Roger Baim and Nassau Radiologic Group, P. C., and the action against the remaining defendants is severed.

In its order dated December 28, 1995, the Supreme Court imposed a monetary sanction upon the plaintiffs' counsel as a condition for vacating the plaintiffs' default in complying with a conditional order of preclusion, dated February 3, 1995. The Supreme Court further directed in the order dated December 28, 1995, that if the monetary sanction was not paid by the plaintiffs' counsel to counsel for the defendants Roger Baim and Nassau Radiologic Group, P. C. (hereinafter Baim and Nassau Radiologic, respectively), "within twenty (20) days after service upon plaintiffs' attorney of a copy of [the] order with notice of entry", then the motion of the defendants Baim and

Nassau Radiologic to dismiss the complaint "shall be deemed granted".

The record indicates that the plaintiffs' counsel did not make timely payment of the monetary sanction. Accordingly, the complaint must be dismissed insofar as asserted against the defendants Baim and Nassau Radiologic. Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.